CLARA E. AHRENSFIELD, PROSECUTRIX-APPELLANT, v. THE STATE BOARD OF EDUCATION OF THE STATE OF NEW JERSEY, THE BOARD OF EDUCATION OF THE BOROUGH OF ROSELLE PARK IN THE COUNTY OF UNION, AND CHARLES H. ELLIOTT, STATE COMMISSIONER OF EDUCATION, DEFENDANTS-RESPONDENTS.

Submitted February 14, 1941—Decided April 25th, 1941.

For the appellant, *John M. Kerner.*

For the respondent, the State Board of Education, *Martin P. O'Connor.*

The opinion of the court was delivered by

HEHER, J. The judgment is affirmed for the reasons expressed in the opinion of Mr. Justice Perskie for the Supreme Court.

As to the contention that the challenged action constitutes a disregard of section I of the Fourteenth Amendment of the Federal Constitution and paragraphs 1 and 2 of article I and paragraph 11 of section VII, article IV, of the State Constitution, and also *R. S.* 1937, 10:1-1 and 18:13-10, it suffices to say, without necessarily implying that it is the sole deter

minative consideration, that it was found as a fact below that the resignations submitted by prosecutrix were wholly voluntary, in no sense induced by the local board of education or by coercion exerted by the supervising principal, who in this behalf was not representing the local board. There being evidence to support this finding, it is conclusive here.

Certainly, it was the right of either party to terminate the service before tenure rights had been acquired under the statute. Prosecutrix did not have an absolute right to re-employment before that status had been achieved. It is evident that she could not have *mandamused* that course. Service for a total of more than the prescribed period, with such breaks in continuity by the voluntary act of prosecutrix, is not to be deemed the equivalent of the statutory *sine qua non*. If it were, the evident design of the parties would be infringed. It is axiomatic that the right of tenure does not come into being until the precise condition laid down in the statute has been met. The contrary would transgress the legislative will. If it be granted *arguendo* that the local board has proceeded under a resolution or like action excluding married female teachers from permanent service, and that such fixed policy is not in the special circumstances reasonably classable as in the general good and welfare, and so one violative of constitutional limitations, prosecutrix was nevertheless not entitled to command her re-employment for the period that would confer the right of tenure under the statute, although the rule of action thus tainted with illegality would be reviewable on *certiorari*. The discharge of this function calls for the exercise of a sound discretion controlled by considerations in keeping with and not alien to the central policy of the statute.

*For affirmance*—The Chancellor, Chief Justice, Case, Donges, Heher, Porter, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ.   13.

*For reversal*—None.